**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Pack Liquidating, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-10797 (CTG)<br><br>(Jointly Administered) |
| Official Committee of Unsecured Creditors of Pack Liquidating, LLC, *et al.*, derivatively, on behalf of the Debtors' estates,<br><br>Plaintiff,<br><br>v.<br><br>Nimble Gravity LLC,<br><br>Defendant. | Adv. No. 24-50048 (CTG) |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS ADVERSARY PROCEEDING**

Dated: July 19, 2024

**A.M. SACCULLO LEGAL, LLC**

*/s/ Mary E. Augustine*
Anthony M. Saccullo, Esq. (No. 4141)
Mark T. Hurford, Esq. (No. 3299)
Mary E. Augustine, Esq. (No. 4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
        mark@saccullolegal.com
        meg@saccullolegal.com

---

[1]   The Debtors in these chapter 11 cases are: Pack Liquidating, LLC; GV Liquidating LLC; PM Liquidating, LLC; PP Liquidating, LLC; PV Liquidating, LLC; and AB Liquidating, LLC.

-and-

Joseph L. Steinfeld, Jr., Esq.
Nicholas C. Brown, Esq.
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3846
Fax: (651) 406-9665
Email: nbrown@askllp.com

-and-

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Floor
New York, NY  10165
Telephone: (212) 267-7342

*Special Litigation Counsel to the Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al.*

Table of Contents

I.      NATURE AND STAGE OF THE PROCEEDINGS ........................................... 1

II.     SUMMARY OF THE ARGUMENT ................................................. 1

III.    STATEMENT OF FACTS ................................................................... 3

IV.     ARGUMENT ........................................................................................ 4

        A.      Standard of Review.................................................................. 4

        B.      Exhibit A To the Complaint Is Properly Considered When Ruling on the
                Motion to Dismiss............................................................................ 5

        C.      The Complaint, Including Exhibit A, Provide Sufficient Factual Detail to
                State a Plausible Claim to Avoid and Recover Preferential Transfer Under
                11 U.S.C. §§ 547, 548 and 550. ................................................. 6

                i.      The Complaint Properly Alleges the Nature and Amount of Each
                        Antecedent Debt............................................................... 7

                ii.     The Complaint Properly Identifies The Preferential Transfer. ............. 8

                iii.    The Complaint Properly Identifies the Transferor Debtor and the
                        Debtor Incurring Each Antecedent Debt.................................... 9

                iv.     The Claim for Fraudulent Conveyance is Pled in the Alternative and
                        Therefore Dismissal is Not Warranted. ................................ 9

                v.      Plaintiff Properly Alleges a Claim to Recover the Transfer Under 11
                        U.S.C. § 550................................................................. 11

        D.      In the Event the Court Finds the Complaint Insufficient, Plaintiff Should
                Be Granted Leave to Amend to Cure Any Deficiencies........................... 11

V.      CONCLUSION................................................................................. 12

Table of Authorities

**Cases**

*Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*, 2012 WL 3638785 (Bankr. D. Del. Aug. 22, 2012) ........................................................................ 6

*AP Services, LLC v. Bellco Drug Corp. (In re CRC Parent Corp.),* 2013 WL 881603 (Bankr. D. Del. Mar. 1, 2013)................................................................................6,7,8,9

*Arthur v. Maersk, Inc.*, 434 F.3d 196 (3d Cir. 2006) ........................................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) .................................................... 4, 5

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212 (3d Cir. 2011) ........................................... 5

*Dole v. Arco Chemical Co.*, 921 F.2d 484 (3d Cir. 1990) ................................................ 11

*Gellert v. The Lenick Comp. (In re Crucible Materials Corp.)*, 2011 WL 2669113 (Bankr. D. Del. July 6, 2011)................................................................................................... 6, 7

*Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711 (Bankr. D. Del. 2005) ..................................................................................... 12

*In re Amp'd Mobile, Inc.*, 404 B.R. 118 (Bankr. D. Del. 2009) ........................................ 5

*In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410 (3d Cir. 1997) ......................... 6

*In re Fruehauf Trailer Corp.*, 250 B.R. 168 (D. Del. 2000)............................................... 6

*Miller v. Mitsubishi Digital Electronics America Inc. (In re Tweeter Opco)*, 452 B.R. 150 (Bankr. D. Del. 2011) ..................................................................................................... 7

*OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510 (Bankr. D. Del. 2006)........................................................................................ 7

*Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404 (D. Del. 2007)............................................................................................................ 4

*U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383 (3d Cir. 2002)..................................... 6

*Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189 (Bankr. D. Del. 2003) ................................................................................................................. 7, 12

*Velocitel, Inc. v. Charles M. Forman (In re Open Range Communications, Inc.)*, 2013 WL 542471 (Bankr. D. Del. Feb. 12, 2013) ............................................................ 5, 6

**Statutes**

11 U.S.C. § 502.................................................................................................................... 1

11 U.S.C. § 547 ............................................................................................................ passim

11 U.S.C. § 548.................................................................................................................... 1

11 U.S.C. § 550............................................................................................................ passim

**Rules**

Del. Bankr. L.R. § 7007-2.................................................................................................. 3

Fed. R. Bankr. P. 7012 ...................................................................................................... 4

Fed. R. Bankr. P. 7015 ...................................................................................................... 3

Fed. R. Civ. P. 12(b) ......................................................................................................... 4

Fed. R. Civ. P. 15 ......................................................................................................... 3, 10

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On April 22, 2024, the Official Committee of Unsecured Creditors of Pack Liquidating, LLC *et al.* (the "Plaintiff") initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Nimble Gravity, LLC (the "Defendant," and collectively with Plaintiff, the "Parties") seeking to avoid and recover no less than $195,699.29 in transfers (the "Transfer") pursuant to 11 U.S.C. §§ 547, 548 and 550 and to disallow Defendant's claims pursuant to 11 U.S.C. § 502.

On June 27, 2024, Defendant filed its memorandum of law in support of its motion to dismiss adversary proceeding (the "Motion to Dismiss")[2].  Plaintiff files this Answering Brief in opposition to Defendant's Motion to Dismiss.

## II.     SUMMARY OF THE ARGUMENT

1.      Motions to dismiss can serve a valuable purpose to test the sufficiency of a complaint where defendants genuinely cannot determine what claims have been made against them and what specific relief is sought to redress the alleged harms.  However, no such commendable purpose can be found in Defendant's Motion to Dismiss Plaintiff's well-pled Complaint.  The Complaint is more than sufficient.  It provides:

A.      Notice to Defendant that the Debtors and Defendant entered into agreements for consultancy services to be provided by Defendant; and

B.  A detailed listing of each and every alleged Transfer made and the antecedent debt satisfied by said Transfers.

---

[2] Defendant filed a memorandum of law in support of motion to dismiss adversary proceeding but failed to file an accompanying motion to dismiss.

2.      Defendant's Motion to Dismiss the Complaint moves beyond a mere challenge under the heightened *Twombly/Iqbal* pleading standard and is a blatant attempt by Defendant to force Plaintiff to prove its case in chief when filing a complaint as well as to disprove Defendant's affirmative defenses. Indeed, Defendant makes no assertion in the Motion to Dismiss that it cannot understand the allegations in the Complaint or that Exhibit A to the Complaint is insufficient even though it provides specific invoice and payment detail with the specific paying and debt incurring debtor; rather, Defendant repeatedly asserts Plaintiff has not identified the specific agreement, including the agreed payment terms and conditions, the Transfer addresses, and appears to do so in an effort to get Plaintiff to prove Defendant's affirmative defenses.

3.      The Complaint, when properly read together with Exhibit A thereto, sufficiently details the nature and amount of each antecedent debt and its corresponding payment.  Plaintiff also alleges that the named transferor debtor and the debtor incurring the antecedent debt are the same for the Transfer.   The Complaint satisfies the requirements for pleading a preference cause of action and provides Defendant sufficient notice of the transfers sought to be avoided and recovered under sections 547 and 550 of the Bankruptcy Code.

4.      Plaintiff adequately pleads sufficient facts to allege a plausible claim for avoidance of the Transfers under sections 547 and 548, thereby disposing of Defendant's sole basis for contesting Count III of the Complaint to recover the Transfer under § 550.

5.      In the event the Court determines the Complaint inadequately pleads the preference count, Plaintiff should be granted leave to amend to cure any perceived

deficiencies pursuant to Fed. R. Civ. P. 15(a), made applicable herein by Fed. R. Bankr. P. 7015.

## III.    STATEMENT OF FACTS

Pursuant to Rule 7007-2(b)(i)(E) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiff hereby incorporates any facts recited by Defendant in its Motion to Dismiss to the extent they are not contradicted herein. The following facts are also pertinent to a determination of the Motion to Dismiss:

On August 28, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code. Complaint, at ¶ 9 (hereinafter "Compl. at ¶ ___"). Packable Holdings, LLC f/k/a Entourage Commerce LLC and now known as Pack Liquidating, LLC ("Entourage" or "Holdings") is the parent holding company for each of the other Debtors. Pharmapacks, LLC ("Pharmapacks") (now known as PP Liquidating, LLC) was the Debtors' primary operating entity. Compl. at ¶ 11.

Prior to the Petition Date, Defendant provided consulting services and related products to the Debtors through various agreements by issuing invoices that resulted in the payment at issue. Compl. at ¶¶ 15 and 24; *see also* Exhibit A Complaint (hereinafter "Ex. A").

On or within 90 days of the Petition Date (the "Preference Period"), Debtor Pharmapacks made one transaction of an interest in its property by issuing one Transfer in an amount of not less than $195,699.29 to or for the benefit of Defendant. Compl. at ¶

25; *see also* Ex. A.  The Transfer was in payment of antecedent debt(s) arising from Defendant's consulting services and/or related products.  Compl. at ¶¶ 24-25, 35-36; *see also* Ex. A.

On April 22, 2024, Plaintiff filed the Complaint.  [D.I. 1].  Attached to the Complaint as <u>Exhibit A</u> and incorporated in the Complaint by reference in paragraph numbers 24 and 25, is a Statement of Account identifying each Transfer by "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)" and identifying the billing and payment details of the antecedent debts corresponding to each Transfer by "Invoice Number," "Invoice Date," "Invoice Amount" and "Debtor(s) Incurring Antecedent Debt." Compl. at ¶ 24, 25; *see also* Ex. A.

On June 27, 2024, Defendant filed its Motion to Dismiss the Complaint [D.I. 10].

## IV.    ARGUMENT

### A.    Standard of Review.

The purpose of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), made applicable herein by Fed. R. Bankr. P. 7012, "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 407 (D. Del. 2007) (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  While a plaintiff must allege "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action," the plausibility standard does not require that a complaint include detailed factual allegations. *Id*. at 550.  Rather, a claim is facially plausible if "the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 556.  In applying the *Twombly/Iqbal* plausibility standard, a court must accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *In re Amp'd Mobile, Inc.*, 404 B.R. 118, 122 (Bankr. D. Del. 2009).

This Court follows a three-step process outlined by the Third Circuit Court of Appeals for determining the sufficiency of a complaint under the *Twombly/Iqbal* standard:

> First, the court must "take note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Velocitel, Inc. v. Charles M. Forman (In re Open Range Communications, Inc.), 2013 WL 542471, at *3 (Bankr. D. Del. Feb. 12, 2013) (KJC), quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (internal citations and quotations omitted).

**B.      Exhibit A to the Complaint Is Properly Considered When Ruling on the Motion to Dismiss.**

As a preliminary matter, Exhibit A is a properly attached and integrated document to the Complaint and therefore may be evaluated with the Complaint by the Court when ruling on the Motion to Dismiss.

The relevant record for considering a Rule 12(b)(6) motion to dismiss "consists of the complaint as well as any 'document integral or explicitly relied on in the complaint.'" *Velocitel*, 2013 WL 542471 at *3, quoting *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002), citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  *See also Anderson News, LLC v. The News Group, Inc. (In re*

*Anderson News, LLC)*, 2012 WL 3638785 at *2 n.18 (Bankr. D. Del. Aug. 22, 2012) (citing *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (D. Del. 2000) for the proposition that "[t]he Court may also consider documents attached as exhibits to the Complaint and any documents incorporated into the Complaint by reference.").

Accordingly, the Statement of Account attached to the Complaint as Exhibit A and incorporated therein by reference is properly included in consideration of the Motion to Dismiss.

> **C.    The Complaint, including Exhibit A, Provide Sufficient Factual Detail to State a Plausible Claim to Avoid and Recover Preferential Transfer Under 11 U.S.C. §§ 547, 548 and 550.**

Plaintiff satisfactorily alleges each element of a preference cause of action in the Complaint, including Exhibit A attached thereto and specifically incorporated therein by reference.

"The purpose of the preference pleading requirements is 'to ensure that the defendant receives sufficient notice of what transfer is sought to be avoided.'" *AP Services, LLC v. Bellco Drug Corp. (In re CRC Parent Corp.), 2013 WL 781603 (Bankr. D. Del. Mar. 1, 2013)* at *2   (quoting *Gellert v. The Lenick Comp. (In re Crucible Materials Corp.)*, 2011 WL 2669113 at *3 (Bankr. D. Del. July 6, 2011)).

This Court has determined that to provide such notice, a preference complaint must contain: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *Gellert*, 2011 WL 2669113 at *2, quoting and citing *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 522 (Bankr. D. Del. 2006); *Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192

(Bankr. D. Del. 2003).  In a case involving multiple debtors, a complaint must also "state which debtor owed the antecedent debt and that the same debtor made the preferential transfer." *Bellco*, 2013 WL 781603 at *3 (citation omitted).  The Complaint and Exhibit A attached thereto satisfy each of these pleading requirements.

> ### i.    The Complaint Properly Alleges the Nature and Amount of Each Antecedent Debt.

A preference complaint adequately alleges the nature of the antecedent debt by pleading "at least *some* facts that make it plausible that a debtor/creditor relationship existed from which the antecedent debt arose, such as '*any* contracts between the parties or *any* description of goods or services exchanged.'" *Bellco,* 2013 WL 781603 at *3 (emphasis added) (quoting *Miller v. Mitsubishi Digital Electronics America Inc. (In re Tweeter Opco)*, 452 B.R. 150, 155 (Bankr. D. Del. 2011)).

In *Bellco*, the Honorable Mary F. Walrath held that the plaintiff pled sufficient facts detailing the nature of the antecedent debt where the complaint alleged that defendant provided "Pharmaceutical Supplies" to the debtor identified in the exhibit attached to the complaint and that the transfers from that same debtor were made on account of antecedent debts owed by the debtors. *Id*. at *4.  The Court concluded that such detail was sufficient to allege "that a debtor/creditor relationship existed between [the defendant] and [the debtor incurring the antecedent debt] by reference to Exhibit 1" and found the exhibit to the complaint adequately identified the same debtor as the transferor. *Id.*  Accordingly, the Court held that the complaint, together with the exhibit attached thereto, stated a plausible claim "that the alleged Transfers made during the preference period satisfied debt that arose from the pre-petition debtor/creditor relationship between [the defendant] and [the debtor transferor]." *Id.*

Analogous to the pleadings in *Bellco*, the Complaint, when read together with Exhibit A thereto, more than adequately identifies the amount and describes the nature of each antecedent debt satisfied in whole or part by the preferential Transfer.  Specifically, the Complaint describes the business relationship of the Parties as one in which Defendant provided consulting services and/or related goods to the Debtors in exchange for payment for such services and/or goods.  Compl. ¶¶ 15, 24-25.  In Exhibit A, Plaintiff further identifies the billing and corresponding payment details, including the amount, date, and invoice number, of each antecedent debt paid during the Preference Period and further provides the paying Debtor Pharmapacks and the same Debtor Pharmapacks incurring the debt. Ex. A to Complaint; s*ee also* Compl. ¶¶ 24-25.  Defendant ignores the fact that Exhibit A is attached to the Complaint in which the specific Debtor is mentioned and the specific invoice numbers are provided.  Those specific invoices surely put Defendant on notice of which specific agreement is at issue for it to review and provide any alleged defenses it may possess.

      **ii.**      **The Complaint Properly Identifies the Preferential Transfer.**

By reference to the information contained in the Statement of Account attached and incorporated as Exhibit A, the Complaint satisfies the pleading requirements of identifying the payment detail for the Transfer sought to be avoided under Bankruptcy Code section 547.  The Transfer is identified by transfer number, date, and amount, and lists Defendant as the transferee. Compl. ¶ 32; Ex. A.  The Transfer was made within the Preference Period while the Debtors were presumed insolvent as shown by the transfer clear date. Compl. at ¶ 38; Ex. A.

Plaintiff pleads sufficient facts to state a plausible claim that the Debtor Pharmapacks made a preferential transfer to Defendant in aggregate amount of $195,699.29 that are avoidable by Plaintiff under the provisions of section 547.

### iii. The Complaint Properly Identifies the Transferor Debtor and the Debtor Incurring Each Antecedent Debt.

The Complaint satisfies the pleading requirement that, where there are multiple debtors, a preference complaint "state which debtor owed the antecedent debt and that the same debtor made the preferential transfer." *Bellco,* 2013 WL 781603 at *3.

The Complaint alleges that Debtor Pharmapacks incurred the antecedent debt by virtue of its receipt of Defendant's invoices for consulting services and related goods pursuant to agreements, which similarly made Defendant a creditor of the Debtor Pharmapacks. *See* Compl. ¶¶ 11, 15, 20-22, 25, 33-36; Ex. A. Plaintiff also alleges that Debtor Pharmapacks made the preferential Transfer. *See* Compl. ¶ 25; Ex. A. Exhibit A lists Debtor Pharmapacks as the debtor transferor and lists Defendant as the transferee of each identified Transfer. *See* Compl. ¶¶ 24-25; Ex. A.

Construing the facts in the light most favorable to Plaintiff, the Complaint read together with Exhibit A alleges a plausible claim that the Transfer was a transfer of property of Debtor Pharmapacks made to Defendant for or on account of antecedent debt(s) incurred by Debtor Pharmapacks.

### iv. The Claim for Fraudulent Conveyance is Pled in the Alternative and Therefore Dismissal is Not Warranted.

Defendant seeks dismissal of Count II – Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B) on the basis that Plaintiff "pretends to allege fraudulent transfer." However, contrary to Defendant's use of "actual fraud" case law, Count II of the Complaint is a claim for constructive fraud and makes clear that such claim seeks the

same relief as, but under an alternative theory from, Count I of the Complaint. Specifically, Count II preserves Plaintiff's rights should it be revealed through discovery or otherwise that, contrary to Plaintiff's allegations in Count I, the Transfer was not made on account of antecedent debt or otherwise was made for less than reasonably equivalent value. Compl. ¶ 42. Without the inclusion of Count II as an alternative basis for relief, Plaintiff would arguably be without remedy due to the passage of the statute of limitations if it were revealed in discovery that Plaintiff's contentions in Count I concerning the purpose of the Transfer were based on incorrect information.

Moreover, the Complaint contains well-pleaded allegations regarding the Debtors' deteriorating financial health during the Preference Period. The Complaint incorporates by reference the Declaration of Brian Teets in Support of the Chapter 11 Petitions and First Day Motions (the "First Day Declaration"). Compl. ¶¶ 8, 18; Bankruptcy Case Docket Index 13 (hereinafter "[Bankr. D.I. ___]"). The First Day Declaration sets forth, *inter alia*, that the Debtors had insufficient liquidity to fund operations no later than March 2022. Although the Debtors were able to secure some sort term financing, by May and June 2022, the Debtors had failed to secure necessary additional financing, and by the end of July 2022, the Debtors' asset-based lender had issued a Forbearance Termination Notice and exercised cash dominion over the Debtors' funds. [Bankr. D.I. 13]; First Day Declaration ¶¶ 9, 58-59, 65. These allegations directly support Plaintiff's contention that the Debtors were insolvent, had unreasonably small capital, and were incurring debts beyond their ability to pay at the time of the Transfers. Compl. ¶ 41-42. Therefore, Plaintiff adequately pleads sufficient facts to allege a

plausible constructive fraud claim in the alternative for avoidance of the Transfer under § 548(a)(1)(B).

> ### v.   Plaintiff Properly Alleges a Claim to Recover the Transfer Under 11 U.S.C. § 550.

As the Complaint adequately states a claim to avoid the Transfers under 11 U.S.C. § 547 and, alternatively, pursuant to § 548(a)(1)(B), Defendant's sole basis for contesting the sufficiency of Plaintiff's cause of action to recover the Transfer under 11 U.S.C. § 550 is defeated.  The Complaint satisfactorily pleads each element of its causes of action and puts Defendant on notice of precisely what is sought to be avoided and recovered as preferential transfers, and alternatively fraudulent transfers, in the Adversary Proceeding.

> ### D.   In the Event the Court Finds the Complaint Insufficient, Plaintiff Should Be Granted Leave to Amend to Cure Any Deficiencies.

Rule 15(a) provides that "leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Third Circuit has applied a liberal approach to amendment to ensure a claim may be heard on the merits rather than dismissed on technicalities. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  Only when equitable factors suggest amendment would be unjust should leave to amend be denied. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).  This Court has previously taken the position that "[l]eave to amend is proper unless 'there is undue delay, bad faith, a dilatory motive, prejudice, or futility.'" *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711, 718 (Bankr. D. Del. 2005) (quoting *Valley Media, Inc.,* 288 B.R. at 193).

In the event the Court concludes the Complaint is insufficient to state a viable claim for relief under 11 U.S.C. §§ 547, 548 and 550, Plaintiff should be granted leave to amend to cure any deficiencies.

## V.      CONCLUSION

At this preliminary pleading stage, Plaintiff need only allege, not prove, a set of facts which, if proven true, would entitle Plaintiff to avoid and recover the Transfers under Bankruptcy Code sections 547, 548 and 550. The Plaintiff has more than satisfied this pleading requirement.  The Complaint read together with Exhibit A alleges sufficient facts to make it plausible that the Transfer made during the 90-day Preference Period satisfied debt that arose from the pre-petition debtor/creditor business relationship between Defendant and the Debtor Pharmapacks.

WHEREFORE, Plaintiff prays this Court deny the Motion to Dismiss the Complaint and allow the Adversary Proceeding to proceed on its merits.  In the event the Court determines the Complaint deficient in pleading its causes of action, Plaintiff prays this Court grant Plaintiff leave to amend the Complaint to cure any such deficiencies.

Dated: July 19, 2024

**A.M. SACCULLO LEGAL, LLC**

*/s/ Mary Augustine*
Anthony M. Saccullo, Esq. (#4141)
Mark T. Hurford, Esq. (#3299)
Mary Augustine, Esq. (#4477)
27 Crimson King Drive
Bear, DE 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
          mark@saccullolegal.com
          meg@saccullolegal.com

-and-

Joseph L. Steinfeld, Jr., Esq.
Nicholas C. Brown, Esq.
**ASK LLP**
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 289-3846
Fax: (651) 406-9665
Email: nbrown@askllp.com

-and-

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 267-7342

*Special Litigation Counsel to the Official Committee of Unsecured Creditors of Pack Liquidating, LLC, et al.*