**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: Pack Liquidating, LLC et al. | Chapter 11 |
| Debtors. | Case No. 22-10797 |
| | (Jointly Administered) |
| Official Committee of Unsecured Creditors of Pack Liquidating LLC, et al., derivatively, on behalf of the Debtors' estates, | Adv. Pro. No. 24-50048 |
| Plaintiff, | |
| v. | |
| Nimble Gravity LLC | |
| Defendant. | |

**REPLY IN SUPPORT OF MOTION**
**TO DISMISS ADVERSARY PROCEEDING**

Defendant, Nimble Gravity, through counsel, **WILLIAMS LLP**, files this Reply in support of its Memorandum of Law seeking dismissal of the Creditor Committee's Complaint. In support of this Reply, Nimble Gravity argues as follows:

**I.    PRELIMINARY STATEMENT**

The Creditor Committee concedes Nimble Gravity's Motion to Dismiss. Nimble Gravity argued that it is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) because the Creditor Committee has not identified which agreement or set of agreements that give rise

to their preference action; and because the Creditor Committee does not allege facts that support claims that it pleaded in the alternative. In its Opposition, the Creditor Committee argues that it pleaded the source of the "nature and amount of each antecedent debt," that its Complaint identifies preferential transfers, and that its complaint identifies the transferor that identifies each antecedent debt. As for its alternative claims, the Creditor Committee says those claims are alternative claims and that it need not supply sufficient factual material to make its alternative claims plausible. The Creditor Committee's arguments are inapt.

The law in Delaware—and everyone else in America—is that when a litigant rests its claim on an agreement or a contract, that litigant must supply (or at least identify) the contract on which the litigant rests its claim. The Creditor Committee based its preference claim on certain "agreements" with Nimble Gravity but has neither supplied nor identified the agreements that gave rise to its preference claim. This failure requires dismissal of the preference claim.

Similarly, the Creditor Committee's alternative claims must be dismissed because the Creditor Committee concedes—as it must—that it has not alleged sufficient facts to make its alternative claims plausible.

## II. ARGUMENT

### A. Because The Creditor Committee Concedes That It Does Not Identify the Agreements on Which Its Preference Claim Is Based, Nimble Gravity Is Entitled to Dismissal.

Bankruptcy courts have always required preference claims to be stated with specificity. *See Gellert v. The Lenick Co., (In re Crucible Materials Corp.)*, 2011 WL 2669113, at *2 (Bankr. D. Del. May 1, 2012). Litigants must identify the agreement or contract that gave rise to their claim. *See, e.g., WalMart Stores, Inc. v. AIG Life Ins.*, 901 A.2d 106, 116 (Del. 2006) (holding that where a litigant brings a claim for breach of contract, that litigant must "identify the specific contract clause that was breached."); *Scott v. PNC Bank*, No. 18-3363, at *10 (3d Cir. Aug. 20, 2019) ("Nonetheless, it concluded the complaint failed to allege a contract claim because Scott "has not even identified what contract was breached.").

The Creditor Committee's failure to supply or identify the agreements that support its preference action is not a trivial oversight. The agreement under which the alleged preferential payments were made is relevant in assessing the average-lateness standard, similarity of past dealings standard, the industry practice standard, and the overall ordinary course of business analysis. *See In re Ajayem Lumber Corp.*, 145 B.R. 813, 818–819 (Bankr. S.D.N.Y. 1992) (undertaking the average-lateness analysis); *Ryniker v. P. Kaufman, Inc.*, 2022 WL 348625 (Bankr. E.D.N.Y. Feb. 4, 2022) (same); *see also*, ISAAC NUTOVIC, THE BANKRUPTCY PREFERENCE LAWS: INTERPRETING CODE SECTIONS 547(c)(2),

550(a)(1), & 546(a)(1), 41 Bus. Law 175, 176–186 (1985) (discussing the ins and outs of a preference action). In short, the time the agreement was entered into, the efforts made to recover sums due under that agreement, the provision under which payment was to be made, the time Debtor paid the debt, and the agreement under which the Debtor paid the debt are critical inquiries that Nimble must undertake to formulate defenses to the Creditor Committee's Complaint. Without supplying (or identifying) the agreement that informs the Creditor Committee's preference action, Nimble Gravity is blind to the claims against it. The Complaint before this Court is prohibited by *Iqbal* and *Twombly*.

Nor can the Creditor Committee meet the due diligence element of its preference claim without specifically supplying or identifying the agreement pursuant to which the alleged preferential payments were made. *See, e.g., Pinktoe Liquidation Tr. V. Dellal (In re Pinktoe Tarantula Ltd.)*, 2023 WL 2960894, at *5 (Bankr. D. Del. Apr. 14, 2023) (requiring plaintiffs to plead due diligence as part of the element of a preference claim).

The Creditor Committee does not dispute the foregoing but argues that it has alleged all that it must allege in bringing its preference claim. *See* Debtors' Ans. Br., 7–9. The Creditor Committee argues it has alleged the nature and amount of the antecedent debt, has identified the preferential transfer, and has identified the transferor and the debtor incurring each antecedent debt. *Id* (internal quotation marks omitted). The Creditor Committee relies on *AP Services, LLC v. Bellco Drug Corp. (In re CRC Parent Corp.)*, 2013 WL 781603, at *2 (Bankr. D. Del. Mar. 1, 2013) to make its argument.

*Bellco* is inapt. Although Bellco and other cases hold that a litigant must allege the nature and amount of the antecedent debt, the transferor and the debtor that incurred the antecedent debt, among other things, these allegations are merely necessary—they are not sufficient by themselves. In fact, Nimble Gravity can find no case that holds that allegations about antecedent debts (and similar allegations) are **the only** allegations a proponent of a preference claim must allege to survive a motion to dismiss. The Creditor Committee has failed to properly allege a preference claim. This Court should dismiss the Creditor Committee's suit.

**B.     The Creditor Committee Has Not Pleaded Facts to Support Its Alternative Claims.**

Because the Creditor Committee does not credibly argue that it has allege sufficient facts to sustain its claim for fraudulent transfer and its claim to recover the transfer, *see* Debtors' Ans. Br. At 9–11, Nimble Gravity stands on its Memorandum of Law in Support of Its Motion to Dismiss.

**III.    CONCLUSION**

For all these reasons, Nimble Gravity seeks dismissal of the Creditor Committee's Complaint against it.

Dated:    New York, New York
             30 July 2024

                          ***Respectfully submitted***,

                          **WILLIAMS LLP**

                          */s/ T. Edward Williams, Esq.*
                          45 Rockefeller Plaza 20th FL.
                          New York, New York 10111
                          212.417.0430 (Main)
                          212.417.0431 (Direct)
                          212.417.0433 (Fax)
                          Edward@williamsllp.com
                          *Attorney for Nimble Gravity*