# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**CRAIG T. GOLDBLATT**
**JUDGE**

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



October 30, 2024

**VIA CM/ECF**

Re: *In re Pack Liquidating, LLC, et al.*, Case No. 22-10797

*Official Committee of Unsecured Creditors v. Nimble Gravity, LLC,*
Adv. Proc. No. 24-50048

Dear Counsel:

Packable Holdings, and its affiliates, operated an e-commerce company.[1] The debtors filed these chapter 11 bankruptcy cases in August 2022. In May 2023, this Court entered a stipulated order granting the Committee derivative standing to pursue chapter 5 causes of action on behalf of the bankruptcy estate.[2]

On April 22, 2024, the Committee initiated this adversary proceeding to avoid and recover certain payments made by one of the debtors (Pharmapacks, LLC) to Nimble Gravity, LLC for certain goods and services.[3] The Committee seeks to avoid these payments on the ground that they were either preferential transfers or, in the

---

[1] D.I. 1 ¶ 8. Packable Holdings and its debtor affiliates are referred to as "debtors."

[2] *In re Packable Holdings, Inc.*, Bankr. D. Del. No. 22-10797, D.I. 769.

[3] D.I. 1. The Official Committee of Unsecured Creditors, the plaintiff in this action, is referred to as the "Committee." Nimble Gravity, LLC, the defendant, is referred to as "Nimble."

Case 24-50048-CTG    Doc 13    Filed 10/30/24    Page 2 of 9

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 2 of 9

alternative, constructively fraudulent conveyances.[4] The Committee also seeks to disallow Nimble's claims pending repayment of the allegedly avoidable transfers.[5]

In June 2024, Nimble moved to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).[6] For the reasons discussed below, Nimble's motion to dismiss is denied.[7]

## Jurisdiction

This preference action arises under the Bankruptcy Code and therefore falls within the district court's "arising under" jurisdiction set forth in 28 U.S.C. § 1334(b). Nimble questions venue in passing but does not present an argument.[8] To be clear, venue is proper in this district pursuant to 28 U.S.C. § 1409(a). The district court has referred this case to this Court pursuant to 28 U.S.C. § 157(a) and the district court's standing order of February 29, 2012.

---

[4] D.I. 1 ¶¶ 1-2.

[5] *Id.* ¶ 2.

[6] Rule 12 of the Federal Rules of Civil Procedure is made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

[7] Nimble filed its briefing on its motion to dismiss without indicating any affiliation with Delaware counsel and representing that its motion to appear *pro hac vice* would be "forthcoming." Pursuant to Local Rule 9010-1(c), attorneys that are not admitted to practice in Delaware may not be admitted *pro hac vice* unless they are associated with a Delaware licensed attorney. The Court will not consider further submissions from Nimble unless and until Nimble comes into compliance with this Court's rules.

[8] D.I. 10 at 2 (stating, without explanation, that "venue in this Court is improper").

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 3 of 9

## Analysis

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement" showing that the plaintiff is "entitled to relief."[9] The Supreme Court, in *Iqbal* and *Twombly*, made clear that plaintiffs cannot "merely recite elements of a cause of action."[10] A pleading that simply recites the elements is improperly conclusory. A complaint must contain factual allegations. Accordingly, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "contain plausible facts which state a claim."[11]

In the Third Circuit, courts apply what is at times described as a three-step plausibility test.[12] *First*, courts must "take note of the elements a plaintiff must plead to state a claim."[13] *Second*, the court must "accept all the complaint's well-pleaded facts as true" and may disregard any legal conclusions within the complaint.[14] And *third*, the court must determine whether the plaintiff's factual allegations are "sufficient" to support a "plausible claim for relief."[15] When considering a motion to

---

[9] Fed. R. Civ. P. 8(a)(2) (made applicable to this proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007); *In re Liquid Holdings Grp., Inc.*, No. 17-50662 (KG), 2019 WL 3380820, at *1 (Bankr. D. Del. July 25, 2019).

[11] *In re Liquid Holdings Grp., Inc.*, 2019 WL 3380820, at *1.

[12] *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (internal citations and quotations omitted).

[13] *Id.*

[14] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

[15] *Id.* at 211 (internal quotations and citations omitted).

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 4 of 9

dismiss, the court must draw "all reasonable inferences" from the properly alleged facts "in favor of the non-moving party."[16]

Usually, a reviewing court should consider only the allegations within the four corners of a complaint, which includes materials attached to the complaint.[17] As such, plaintiffs are not required to provide actual "copies of the invoices, bills, canceled checks or other tangible evidence to substantiate" their complaint.[18]

**I.    The Committee's allegations support a plausible preference claim.**

To establish a plausible preference claim, the plaintiff must (i) identify the "nature and amount" of "each antecedent debt;" (ii) identify each alleged preference; and (iii) allege that it conducted reasonable due diligence into the defendant's known or reasonably knowable affirmative defenses.[19] Satisfaction of these elements is

---

[16] *Pearson v. Sec'y Dept. of Corrections*, 775 F.3d 598, 604 (3d Cir. 2015).

[17] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[18] *In re Crucible Materials Corp.*, No. 10-55178 (MFW), 2011 WL 2669113, at *3 (Bankr. D. Del. Jul. 6, 2011).

[19] *In re Pinktoe Tarantula Ltd.*, No. 20-50597 (LSS), 2023 WL 2960894, at *5 (Bankr. D. Del. Apr. 14, 2023); *Official Committee of Unsecured Creditors of Pack Liquidating LLC, et al. v. The Nature's Bounty Co.*, Bankr. D. Del. No. 23-50572 (CTG), Memorandum Opinion at 6 n.17 (July 16, 2024).

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 5 of 9

generally sufficient to establish a plausible claim that "give[s] enough factual detail" to put the defendants on notice of the claims against them.[20]

### A. The Committee has sufficiently alleged the "nature and amount" of "each antecedent debt" and has "explain[ed] the nature of the antecedent debt."

In order to allege the nature and amount of an antecedent debt successfully, the complaint must identify the amounts owed, describe the relationship between the parties, and link the allegedly preferential transfers to that relationship.[21]  Here, the Committee alleges that "during the course of their relationship, the [d]ebtors and [d]efendants entered into agreements" for goods and/or services and that those agreements gave rise to the $195,699.29 in allegedly preferential payments.[22]

In its motion to dismiss, Nimble states that it entered into three agreements where it "agreed to provide data mining services" to the debtors.[23]  Nimble argues that the nature and amount of the antecedent debt was not adequately pled because the complaint does not specify which of the three agreements gave rise to the allegedly preferential payments.[24]

But the Committee is not required to identify the specific agreements in its complaint.  At this stage, the complaint only needs to give enough detail to allow the defendant to identify the payment in question.  A complaint does not need to apprise

---

[20] *See In re Center City Healthcare, LLC*, 641 B.R. 793, 799 (Bankr. D. Del. 2022).

[21] *See In re Tweeter Opco*, 452 B.R. 150, 155 (Bankr. D. Del. 2011).

[22] D.I. 1 ¶¶ 24-25.

[23] D.I. 10 at 6.

[24] *Id.*

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 6 of 9

a defendant of everything it might wish to know about the plaintiff's claims. It only needs to allege facts showing that the plaintiff is entitled to relief. Here, the Committee has sufficiently alleged the nature and amount of each antecedent debt and has provided enough detail to allow Nimble to identify the payments at issue. To the extent Nimble seeks additional information, it will be entitled to discovery in accordance with the rules.

      **B.    The Committee has properly identified each alleged preference.**

To identify a preference properly, the plaintiff must specify the (i) date of transfer; (ii) name of the transferor; (iii) name of the transferee; and (iv) amount of the transfer.[25] If there are multiple debtors, the plaintiff must also "identify the particular debtor" that made the transfer (or transfers) at issue.[26]

The Committee has satisfied each of these requirements. In the complaint and the attached exhibit, the Committee identifies Pharmapacks, LLC as the transferring debtor and Nimble as the transferee.[27] Exhibit A also contains the alleged transfer date and amount of each transfer.[28]

Again, Nimble argues that the Committee has not properly identified the claims at issue because it did not point to the specific contract that gave rise to the

---

[25] *In re PennySaver USA Publ'g, LLC*, 587 B.R. 445, 462 (Bankr. D. Del. 2018) (internal citations and quotations omitted).

[26] *In re Tweeter Opco*, 452 B.R. at 155.

[27] D.I. 1-1 (Exhibit A). Under Civil Rule 10(c), Exhibit A is treated as part of the complaint.
[28] *Id.*

Case 24-50048-CTG   Doc 13   Filed 10/30/24   Page 7 of 9

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 7 of 9

alleged preferences.[29]  But, for the reasons discussed above, that is not required at this stage.  The Court thus finds that the complaint has sufficiently identified the transfers at issue.

### C. The Committee has properly alleged that it has conducted the required due diligence.

The last element at issue here is reasonable due diligence.[30]  Under 11 U.S.C. § 547(b), the trustee (or, in this case, the Committee) must conduct reasonable due diligence into the circumstances of the case and the defendant's "known or reasonably knowable" affirmative defenses.[31]  Because the diligence element is a condition precedent governed by Rule 9(c) of the Federal Rules of Civil Procedure, it is not subject to the *Iqbal* and *Twombly* standard.[32]  So, to plead due diligence adequately, the plaintiff need only advance a "general allegation" that "all conditions precedent have occurred."[33]

Here, the Committee alleged that it conducted its "own due diligence" into Nimble's reasonably knowable affirmative defenses by reviewing "the books and records" in its possession.[34]  It further alleges that it sent Nimble a demand letter

---

[29] D.I. 10 at 7-8; D.I. 12 at 3-4.

[30] 11 U.S.C. § 547(b).  Though bankruptcy courts are split on whether due diligence is an element of section 547(b), this Court has previously observed that it is persuaded by the analysis set forth in Judge Silverstein's opinion in *Pinktoe Tarantula,* 2023 WL 2960894, which holds that it is.  *Nature's Bounty*, Bankr. D. Del. No. 23-50572 (CTG), Memorandum Opinion at 6 n.17.

[31] 11 U.S.C. § 547(b).

[32] *Pinktoe Tarantula*, 2023 WL 2960894, at *5.

[33] *Id.*

[34] D.I. 1 ¶ 28.

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 8 of 9

seeking additional information about any potential affirmative defenses related to this action.[35] That is sufficient to meet the applicable pleading standard.

Nimble nonetheless argues that the Committee failed to satisfy its due diligence obligation because it did not "supply[] or identify[]" the agreement that gave rise to the allegedly preferential transfers.[36] That contention reflects a misunderstanding of § 547(b)'s due diligence requirement. That element does not require the trustee (or, in this case, the Committee) to produce tangible evidence in support of its claim. To satisfy § 547(b), the plaintiff only needs to allege that it conducted reasonable due diligence into the defendant's known or reasonably knowable affirmative defenses. The Committee has done so.

## II. The Committee's fraudulent transfer theory is adequately plead because it is predicated on a theory of constructive, not actual, fraud.

Constructively fraudulent transfers are not subject to the heightened pleading standard that applies in cases of actual fraud.[37] To plead constructive fraud adequately, the plaintiff need only allege that "there was a transfer for less than reasonably equivalent value at a time when the [debtor was] insolvent."[38]

Here, the complaint adequately alleges the transfer date, face amount, transferee, and transferor.[39] The complaint also alleges that if the payments were

---

[35] *Id.* ¶ 27.

[36] D.I. 12 at 4.

[37] *See In re Cred, Inc.*, 650 B.R. 803, 833-836 (Bankr. D. Del. 2023).

[38] *Id.* at 835.

[39] *See* D.I. 1 ¶ 24, Exhibit A.

*Committee v. Nimble Gravity, LLC,* Adv. Proc. No. 24-50048
October 30, 2024
Page 9 of 9

not made on account of an antecedent debt, then they were for less than reasonably equivalent value.[40] Nimble argues only that the complaint fails because it does not meet the "heightened pleading standard" that applies in cases of fraud.[41] Nimble then cites to several cases discussing the *actual* fraud standard.[42] Those cases, and the heightened standard on which Nimble relies, are inapplicable here.

The Court thus finds that the Committee has properly pled its alternative theory of constructive fraud.

## Conclusion

For the reasons discussed above Nimble's motion to dismiss is denied. The Court will enter a separate order so providing.

Dated: October 30, 2024

_____
CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

---

[40] *Id.* ¶ 42.

[41] *See* D.I. 10 at 7-8.

[42] *See id.*